STATE *v.* STOGNER.

The defendant was charged in Bill of Indictment No. 42988 that he corruptly and wilfully failed and neglected to discharge one of his official duties with respect to the same matters set out in Bill No. 42986.

The defendant moved to quash these bills on the grounds set out in *S. v. Hord,* filed this day, *ante* 149. The motion was allowed as to each bill, and the State appeals, pursuant to the provisions of G.S. 15-179, and assigns error.

*Attorney General Bruton, Deputy Attorney General Harry W. Mc-Galliard, Asst. Attorney General James F. Bullock for the State, appellant.*

*Charles E. Knox for defendant appellee.*

――――――――

STATE OF NORTH CAROLINA v. BERNIE W. STOGNER.

(Filed 7 April, 1965.)

**Public Officers § 11—**

A warrant charging a police officer with corruptly and wilfully failing to arrest a named person for another municipal corporation on the charge of obtaining property by larceny by trick, without averring that process had

issued at the instance of the police department of the other municipality and placed in the hands of the defendant, fails to charge a violation of G.S. 14-230.

APPEAL by the State from *Latham, S.J.,* 14 December 1964 Conflict Criminal Session of MECKLENBURG.

The defendant was charged in Bill of Indictment No. 42934, during the year 1963 to July 1964, with corruptly and wilfully neglecting and refusing to discharge one of his official duties as a police officer of the City of Charlotte, North Carolina, said duty being to-wit: "the arrest of Mary Trapp for having and keeping in her possession spirituous and intoxicating liquors for the purpose of sale to his Bernie W. Stogner's knowledge, to the injury of the public and the people of the City of Charlotte, North Carolina, all in violation of his oath and duty to the public," *et cetera.*

The defendant was charged in Bill of Indictment No. 42929 with, on or about September 1963, corruptly and wilfully refusing and neglecting to discharge one of his official duties as a police officer of the City of Charlotte, North Carolina, such duty being to-wit: "the arrest, apprehension, and assisting in the arrest and apprehension of George Baker, 113 Sycamore Street, Charlotte, North Carolina, on the charge of obtaining property by flim-flam or larceny of property by trick or artifice for the High Point, North Carolina, Police Department to the injury of the public and the people of the City of Charlotte, North Carolina, all in violation of his oath and duty to the public," *et cetera.*

The defendant moved to quash these bills on the same grounds set out in the case of *S. v. Hord,* filed this day, *ante* 149. The motion was allowed as to each bill, and the State appeals, pursuant to the provisions of G.S. 15-179, and assigns error.

*Attorney General Bruton, Deputy Attorney General Harry W. Mc-Galliard, Asst. Attorney General James F. Bullock for the State appellant.*

*William L. Stagg for defendant appellee.*

STATE *v.* McCALL.

PER CURIAM. On authority of *S. v. Hord, ante* 149, we hold that a duly appointed policeman of the City of Charlotte, North Carolina, is an officer of said City within the meaning of G.S. 14-230.

For the reasons set out in the *Hord* case, we hold that Bills of Indictment Nos. 42961 and 42931 were properly quashed. There is nothing in these bills alleging that Mary Trapp maintained a place of prostitution within the City of Charlotte or in Mecklenburg County, within the jurisdiction of the Police Department of the City of Charlotte.

Furthermore, Bill of Indictment No. 42934 does not charge that Mary Trapp kept in her possession spirituous and intoxicating liquors for the purpose of sale in the City of Charlotte or in Mecklenburg County, within the jurisdiction of the Police Department of the City of Charlotte. Therefore, we hold that this bill was properly quashed.

It may be inferred from Bill of Indictment No. 42929 that George Baker, who lives at 113 Sycamore Street, Charlotte, North Carolina, at some undisclosed time obtained certain property from some undisclosed party or parties by larceny or trick in the City of High Point, and that the Police Department of the City of High Point may have requested his arrest. Even so, no such facts are disclosed in the bill of indictment. Moreover, there is no allegation that any process was issued at the instance of the Police Department of the City of High Point and placed in the hands of the defendant, directing him to arrest George Baker. We hold that the court below properly quashed this bill of indictment.

For the reasons hereinabove stated, the ruling of the court below, quashing each of the above bills of indictment, will be upheld.

Affirmed.